UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AARON IBRAHIM MOBLEY-WEEKS,

    Plaintiff,

v.                                    CASE NO. 8:23-cv-2526-SDM-TGW

DEPUTY ANTONIO GONZALEZ,

    Defendant.
_____/

**O R D E R**

    Mobley-Weeks files a civil rights complaint under 42 U.S.C. § 1983 alleging the use of excessive force by Hillsborough County Detention Deputy Sheriff Antonio Gonzalez, who moves (Doc. 15) to dismiss and argues (1) that Mobley-Weeks failed to exhaust his administrative remedies, (2) that the complaint fails to state a claim upon which relief can be granted, and (3) that Deputy Gonzalez is entitled to qualified immunity.  An earlier order (1) cautions Mobley-Weeks that the granting of the motion to dismiss could result in both the dismissal of his claims against the defendant and a final adjudication, (2) explains both that the district court must first address the asserted failure to exhaust the jail's grievance procedures and that, if exhaustion is incomplete, this action is subject to dismissal without regard to the merits of the claims, and (3) sets a deadline for Mobley-Weeks to oppose the motion to dismiss.  (Doc. 18)  The deadline passed more than thirty days ago (1) with neither

an opposition to the motion to dismiss nor any contact from Mobley-Weeks and (2) without the order's return as undelivered.

In his complaint Mobley-Weeks alleges that, notwithstanding his taking a "non-aggressive stance," Deputy Gonzalez "put me in a chokehold stopping my breathing, bent his knees to apply his full weight on my neck and jerked back and forth attempting to break my neck." (Doc. 1 at 4)  Mobley-Weeks asserts that, because of Deputy Gonzalez's actions, he suffers "P.T.S.D., mental anguish, depression, neck pain and spasms, back pain and spasms, bruised neck and inner throat, loss of feeling in middle and ring fingers, chronic headaches, sleep deprivation, neck and back cramps, [and] difficulty swallowing food." (Doc. 1 at 5) Mobley-Weeks represents that he "filed an informal grievance requesting a formal grievance multiple times over the course of six months [but] never received a formal grievance [and] ha[s] been blatantly ignored for months." (Doc. 1 at 7)

Deputy Gonzalez moves (Doc. 15) to dismiss this action because Mobley-Weeks failed to properly exhaust the jail's grievance process. As *Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008), instructs, a district court should first decide the exhaustion issue and may consider evidence outside of the pleadings to resolve a factual dispute regarding exhaustion. "We decide, however, that the district judge did not err by acting as a factfinder in resolving this factual dispute. Instances exist — such as those involving jurisdictional issues — when judges may resolve factual questions. One such instance is when a judge must decide a motion to dismiss for

failure to exhaust nonjudicial remedies." *Bryant*, 530 F.3d at 1373–74 (footnotes omitted).

The exhaustion of administrative remedies is required before a prisoner "brings" a Section 1983 action. "No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner must "properly exhaust" the administrative remedies. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006). The failure to "properly exhaust" the administrative remedies will bar a prisoner from pursuing a claim in federal court. "[S]aying that a party may not sue in federal court *until* the party first *pursues* all available avenues of administrative review necessarily means that, if the party never pursues all available avenues of administrative review, the person will never be able to sue in federal court." *Ngo*, 548 U.S. at 100 (italics original). Consequently, Mobley-Weeks was required to properly exhaust the jail's grievance process before he "brought" this civil rights action, even though his claim is based on an apparently isolated incident of excessive force. *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2001) ("[S]ince the PLRA's exhaustion requirements encompass excessive-use-of-force claims, Higginbottom was required to exhaust his administrative remedies before filing suit.") (citations omitted); *Maldonado v. Unnamed Defendant*, 648 F.

App'x 939, 951–52 (11th Cir. 2016)* ("To satisfy the exhaustion requirement, a prisoner must complete the administrative process in accordance with the applicable grievance procedures set by the prison.  The prison's requirements, rather than the PLRA, dictate the level of detail necessary for proper exhaustion.") (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007)).

The jail's "Standard Operating Procedure DDS 914.06," attached to the motion to dismiss, shows (1) that the grievance process encompasses Mobley-Weeks's alleged use of excessive force, specifically, "[a]n inmate may register a complaint regarding treatment [and] incidents" and (2) that the grievance "shall be filed no later than thirty (30) calendar days from the date on which the basis for the complaint occurred." (Doc. 15, Exhibit 1 at 1, ¶V(A)(1) and (4))  Because the alleged incident occurred on May 14, 2023, the deadline to file a grievance was June 13, 2023. *See Johnson v. Meadows*, 418 F.3d 1152, 1159 (11th Cir. 2005) ("Prisoners must timely meet the [filing] deadlines or the good cause standard of Georgia's administrative grievance procedures before filing a federal claim.  Therefore, Johnson's grievance, which he filed out-of-time and without good cause, is not sufficient to exhaust his administrative remedies for purposes of the PLRA exhaustion requirement.").  Exhibit 2 attached to the motion to dismiss shows that, during the relevant thirty-day period, Mobley-Weeks filed seven "Inmate Requests"

---

\* "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

— limited to his desired removal from administrative confinement and his Kosher diet — but none addressed either a grievance or a complaint about the alleged use of force, and staff responded to each request.  Exhibit 3 shows that over the following five months Mobley-Weeks filed eighteen more "Inmate Requests," which were addressed by staff.  In October Mobley-Weeks filed several "Inmate Requests" about how to file a civil rights action, which questions the staff both answered and provided the requested materials, but the "Requests" never mention the use-of-force incident.  By failing to oppose the motion to dismiss, Mobley-Weeks has not contested the exhibits attached to the motion, and the exhibits refute Mobley-Weeks's representation that his requests were "blatantly ignored."

    The motion to dismiss (Doc. 15) is **GRANTED** because Mobley-Weeks failed to exhaust his administrative remedies before filing this action as required under 42 U.S.C. § 1997e(a).  Because the dismissal is without regard to the merits of the action, this dismissal is without prejudice.  The clerk must enter a judgment against Mobley-Weeks and close this case.

    ORDERED in Tampa, Florida, on August 28, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE